[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, June Gonzales, age 55, whose maiden name was June Fredenburg and whose prior married name was June Gondolfo, and the defendant Roger J. Gonzales, age 52, were married in North Kent, Connecticut on December 13, 1980. There are no minor children issue of this marriage although the plaintiff has two children by her former marriage.
The parties met in early 1980 while each was in the process of obtaining a divorce from a former spouse. They moved in together in May 1980 and were married the following December. At the time of the marriage, the defendant owned a home which was largely unfinished. The plaintiff contributed $20,261.64 to renovating the home and performed many physical efforts to its improvement. The plaintiff's appraiser, David L. Bain values the property at $300,000.00 while the defendant's appraiser, Michael Mazzia places a value of $285,000.00 on the property.
The marriage has broken down irretrievably although the cause thereof has not been clearly established. The defendant had one homosexual experience, not of his instigation, within a year of the marriage, but the parties remained together for over ten years and continued to have sexual relations until 1990 or 1991. The plaintiff also complained of the defendant's entertainment in the home of various clients of his antique business. All in all, it would appear that the plaintiff grew tired of this relationship. CT Page 149
At the time of the marriage, the defendant had antiques valued at $22,670.00 and during the marriage, the parties acquired antiques valued at $12,985.00. The court rejects the "stand up" appraisals offered by the plaintiff. The plaintiff operates a craft shop from which she receives little income. The defendant deals in antiques and has a net weekly income of $262.29.
Based upon the evidence, the court finds that the marriage has irretrievably broken down and that the following orders should enter.
1. A decree of dissolution based upon irretrievable breakdown.
2. The defendant shall pay to the plaintiff alimony in the amount of $50.00 per week until January 1, 2000. So long as he is obligated to pay alimony, the defendant shall maintain the plaintiff as beneficiary on a $10,000.00 So. Farm Life Insurance policy.
3. The defendant shall pay to the plaintiff $30,000.00 on or before April 1, 1994.
4. The defendant shall transfer to the plaintiff all items of personal property acquired during the marriage as shown on the Robert Stuart appraisal, Exhibit A, or in the alternative upon demand of the plaintiff made within twenty (20) days from the date of this judgment, pay to the plaintiff, the sum of $15,000.00.
5. The defendant shall hold the plaintiff harmless for liabilities to the IRS in the approximate amount of $4,500.00 and the estimated medical bill for the plaintiff's treatment of approximately $600.00.
Decree may enter accordingly.
PICKETT, J. CT Page 150